# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**NATHANIEL JACKSON,**

           Plaintiff,

v.                                  No. CIV 18-388-RAW-SPS

**MIKE CARPENTER, et al.,**

           Defendants.

## OPINION AND ORDER

Plaintiff, a pro se state prisoner incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, initiated this civil rights action on October 11, 2018, in Pittsburg County District Court (Dkt. 2-1). The two defendants in the state-court petition were Oklahoma State Penitentiary (OSP) and the Oklahoma Department of Corrections (DOC). On December 7, 2018, the defendants filed a notice of removal pursuant to 28 U.S.C. § 1441, and they paid this Court's full filing fee.

On December 19, 2018, Plaintiff was directed to file an amended complaint (Dkt. 6). The Court's instructions directed him, among other things, to state the defendants' full names, the particular events of which he is complaining, the constitutional basis for his claims, and how the defendants' personal participation violated his constitutional rights. *Id*. at 4-5.

On January 7, 2019, Plaintiff filed an amended complaint naming four defendants: Mike Carpenter, OSP Warden; Joe M. Allbaugh, DOC Director; John/Jane Doe, Population Officer; and John/Jane Doe, DOC Deputy Director (Dkt. 10). On March 22, 2019, Plaintiff filed a "motion to submit into evidence to support plaintiff [sic] civil

1

complaint" (Dkt. 11), which the Court construed as a supplement to the amended complaint. The document concerned Plaintiff's alleged living conditions in maximum security, but it failed to set forth any constitutional claims against the defendants.

On April 22, 2019, the Court advised Plaintiff by letter that if he wanted the United States Marshals Service (USMS) to serve the summonses and complaint, he would have to contact the Service and make arrangements for paying the fees (Dkt. 12). Plaintiff next filed a motion for service of the four defendants by the USMS, explaining he is indigent (Dkt. 18). On May 14, 2019, the Court informed Plaintiff that he would need to submit a proper motion to proceed *in forma pauperis* for service by the USMS (Dkt. 19). The Court Clerk was directed to send Plaintiff an *ifp* form and new USM-285 forms for each defendant. *Id.*

On May 23, 2010, Plaintiff filed a motion for leave to proceed *ifp* (Dkt. 20). The motion, however, listed five defendants, instead of the four defendants listed in the amended complaint. Plaintiff apparently has located the names of the "John/Jane Doe" defendants, but he also has added a defendant. Because the amended complaint only lists four defendants, Plaintiff must file a second amended complaint to include all defendants.

Within twenty-one (21) days of the entry of this Order, Plaintiff must file a second amended complaint on the Court's form. The second amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Plaintiff must provide a short and plain statement of *when* and *how* each named defendant violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). He also shall identify a specific

constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how each named defendant's personal participation violated his constitutional rights. Furthermore, the Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The second amended complaint must include all claims and supporting material to be considered by the Court. It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint, the first amended complaint, or any supplements or exhibits. A second amended complaint supersedes the original complaint and the first amended complaint and renders those previous documents of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). In addition, the second amended complaint must be clearly legible, and only one side of the paper may be used, pursuant to Local Civil Rule 5.2(a).

The Court Clerk is directed to send Plaintiff the proper form for filing a second amended complaint. If Plaintiff fails to file a second amended complaint in accordance with this Order, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days a second amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing a second amended civil rights

complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 5th day of June 2019.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma